# Exhibit A

ROSENBAUM and ASSOCIATES, P.C.
By: MARSHALL D. BLEEFELD, ESQ.
Identification No. 81615
1818 Market Street, Suite 3200
Philadelphia, PA 19103
(215) 569-0200

MAJOR NON-JURY
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

Attorney for Plaintiff

Filed and Attested by the
Office of Judicial Records
06 AUG 2026 11:46 am
G. IMPERATO

| | |
|---|---|
| JENNIFER SIGARI<br>221 West 21st Street<br>Chester, PA 19013 | : COURT OF COMMON PLEAS<br>: PHILADELPHIA COUNTY |
| | : JUNE TERM, 2026 |
| Plaintiff | : |
| vs. | : NO.1357 |
| DOLLAR TREE<br>1118 Avenue of the States<br>Chester, PA 19013<br>and<br>DOLLAR TREE STORES, INC.<br>1118 Avenue of the States<br>Chester, PA 19013<br>and<br>CHESTER RETAIL, LLC<br>7708 Langdon Street<br>Philadelphia, PA 19111 and<br>141 Ayers Court, Suite 1A<br>Teaneck, NJ 07666<br>and<br>JOHN DOES I-III (FICTITIOUS NAMES) | : |
| Defendants | : |

## 2S-Premises Liability-Complaint in Civil Action

NOTICE

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.
LAWYER REFERRAL & INFORMATION SERVICE, Philadelphia Bar Assn.

1101 Market Street, 11th Floor

Philadelphia, Pennsylvania19107, Phone:(215) 238-6333

AVISO

LE HAN DEMANDADO A USTED EN LA CORTE. SI USTED QUIERE DEFENDERSE DE ESTAS DEMANDAS EXPUESTAS EN IAS PAGINAS SIGUIENTES, USTED TIENE VIENTE (20) DIAS DE PLAZO AL PARTIR DE LA FECHA DE LA DEMANDA Y LA NOTIFICACION. HACE FALTA ASENTAR UNA COMPARENCIA ESCRITA O EN PERSONA O CON UN ABOGADO Y ENTREGAR A LA CORE EN FORMA ESCRITA SUS DEFENSAS O SUS OBJECIONES A LAS DEMANDAS EN CONTRA DE SU PERSONA. SEA AVISADO QUE SI USTED NO SE DEFIENDE, LA CORTE TOMARA MEDIDAS Y PUEDE CONTINUAR LA DEMANDA EN CONTRA SUYA SIN PREVIO AVISO O NOTIFICACION. ADEMAS, LA CORTE PUEDE DECIDIR A FAVOR DEL DEMANDANTE Y REQUIERE QUE USTED CUMPLA CON TODAS LAS PROVISIONES DE ESTA DEMANDA. USTED PUEDE PERDER DINERO O SUS PROPIEDADES U OTROS DERECHOS IMPORTANTES PARA USTED. LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

LAWYER REFERRAL & INFORMATION SERVICE, Philadelphia Bar Assn.

1101 Market Street, 11th Floor

Philadelphia, Pennsylvania19107, Phone:(215) 238-6333

ROSENBAUM and ASSOCIATES, P.C.
By: MARSHALL D. BLEEFELD, ESQ.
Identification No. 81615
1818 Market Street, Suite 3200
Philadelphia, PA 19103
(215) 569-0200

MAJOR NON-JURY
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

Attorney for Plaintiff

| | |
|---|---|
| JENNIFER SIGARI<br>221 West 21st Street<br>Chester, PA 19013<br><br>Plaintiff<br>vs.<br><br>DOLLAR TREE<br>1118 Avenue of the States<br>Chester, PA 19013<br>and<br>DOLLAR TREE STORES, INC.<br>1118 Avenue of the States<br>Chester, PA 19013<br>and<br>CHESTER RETAIL, LLC<br>7708 Langdon Street<br>Philadelphia, PA 19111 and<br>141 Ayers Court, Suite 1A<br>Teaneck, NJ 07666<br>and<br>JOHN DOES I-III (FICTITIOUS NAMES)<br><br>Defendants | : COURT OF COMMON PLEAS<br>: PHILADELPHIA COUNTY<br>:<br>: JUNE TERM, 2026<br>:<br>:<br>: NO.1357 |

<u>2S-Premises Liability-Complaint in Civil Action</u>

1. The plaintiff, Jennifer Sigari, is an adult individual and resident of the Commonwealth of Pennsylvania, residing at the above address.

2. The defendant, Dollar Tree, is a corporation, limited liability company, partnership or fictitious name of an individual or individuals, with a place of business located at the above-captioned address.

3. The defendant, Dollar Tree Stores, Inc., is a corporation, limited liability company, partnership or fictitious name of an individual or individuals, with a place of business located at the above-captioned address.
4. The defendant, Chester Retail, LLC, is a corporation, limited liability company, partnership or fictitious name of an individual or individuals, with a place of business located at the above-captioned address.
5. The defendants, John Does I-III (fictitious names), are individuals, corporations and/or other entities whose identity, after reasonable investigation, is currently unknown, but at all times relevant hereto owned, operated and controlled the premises and had the duty to maintain the premises and floor at Dollar Tree,1118 Avenue of the States, Chester, Pennsylvania.
6. At all times relevant hereto, defendants were acting through their agents, servants and/or employees within the course and scope of their employment, and the doctrine of Respondeat Superior is invoked herein.
7. At all times relevant hereto, all defendants were acting as the agents, servants, workmen and/or employees of all other named defendants.
8. All defendants regularly and systematically conduct business in Philadelphia County, Pennsylvania.
9. At all times relevant hereto, defendants had under their care, direction, supervision, control and maintenance the premises and floor at Dollar Tree, 1118 Avenue of the States, Chester, Pennsylvania, and it was the defendants' duty to keep and maintain said premises and floor in a reasonably safe condition.

10. On or about the 12th day of April, 2025, at approximately 1:00 p.m., a dangerous, negligent and/or defective condition existed on the premises and floor as aforesaid and defendants knew or should have known of the existence of same.

11. On the aforesaid date and time, the plaintiff, Jennifer Sigari, was lawfully inside the aforesaid premises, in the laundry detergent aisle, when by reason of the negligence of the defendants, the plaintiff was caused to trip, slip, stumble and/or fall due a liquid substance on the floor of said premises, a result of which caused plaintiff to sustain serious and severe injuries as more fully set forth herein.

12. The defendants knew or should have known of the existence of the hazardous and dangerous condition on the aforesaid premises and floor.

13. The carelessness and/or negligence of the defendants consisted of the following:

a. Failing to maintain said premises and floor in a safe and reasonable condition for persons such as the plaintiff using said premises and floor;

b. Failing to reasonably inspect said premises and floor to ascertain the existence of the negligent condition when defendants knew or should have known of the existence of said negligent condition;

c. Failing to warn persons on the premises and floor of the negligent and/or defective condition;

d. Failing to properly and adequately remedy said condition;

e. Negligently allowing said defect to remain on said premises and floor;

f. Causing the floor of the premises to become wet and slippery;

g. Failing to promptly and carefully post warning signs, place floor mats and/or post notices to warn persons of the defective condition;

h. Failing to properly and adequately clean the floor;

i. Failing to provide an adequately slip resistant floor;

j. Failing to properly supervise persons maintaining defendants' premises and floor; and,

k. Failing to respond to requests to remedy said defective condition.

14. Solely because of the negligence of the defendants acting as aforesaid, the plaintiff was caused to sustain serious physical injury in and about the person, including but not limited to plaintiff's wrist and hand, as well as a severe shock to the nerves and nervous system and was or may have been otherwise injured, whereby plaintiff has suffered and may continue to suffer in the future and/or may be permanent.

15. The plaintiff may have sustained other injuries and pre-existing conditions may have been aggravated.

16. The plaintiff avers that some or all of the injuries sustained may be or are of a permanent nature and character.

17. As a further result of the aforesaid accident, plaintiff has been unable in the past, and is likely to continue to be unable in the future, to attend to plaintiff's usual duties, activities, vocations and avocations, all to plaintiff's great financial loss and detriment.

18. As a further result of the aforesaid accident and resultant injuries, plaintiff has expended and is in the future likely to expend substantial sums of monies for the care, treatment and attempted cure of plaintiff's injuries, all to plaintiff's great financial loss and detriment.

19. As a further result of the aforesaid accident and resultant injuries, plaintiff has been caused to undergo in the past and is likely to undergo in the future, severe pain, suffering, inconvenience and embarrassment, all to plaintiff's great financial loss and detriment.

WHEREFORE, plaintiff, Jennifer Sigari, demands judgment against defendants, Dollar Tree, Dollar Tree Stores, Inc., Chester Retail, LLC and John Does I-III (fictitious names), in a sum in excess of the arbitration limits and in excess of the Federal Court jurisdictional limits for cases based on diversity jurisdiction.

ROSENBAUM and ASSOCIATES, P.C.

By: ______________________________

MARSHALL D. BLEEFELD, ESQUIRE
Attorney for Plaintiff

DATE: 8-6-26

# VERIFICATION

Marshall D. Bleefeld, Esquire, states that he is the attorney for the Plaintiffs herein, that he is acquainted with the facts set forth in the foregoing Complaint in Civil Action and that the same are true and correct to the best of his knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa.C.S. '4904 relating to unsworn falsification to authorities.

MARSHALL D. BLEEFELD, ESQUIRE

DATE: 8-6-26